PORTER, Price Administrator, v. HAINES.

No. 4115.

District Court, W. D. Missouri, W. D.

June 26, 1946.

Dick F. Bennett, Dist. Enforcement Atty., and Eugene F. O'Keefe and Stephen V. Medling, Enforcement Attys., all of Kansas City, Mo., for plaintiff.

Richard K. Phelps and Gage, Hillix, Shrader, Cowhead, & Phelps, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant has filed two separate motions, the one to dismiss the complaint on the ground that it fails to state facts for which relief may be granted, and the other, to strike out certain averments repeated in each count of the complaint. Such averments relate to the price allowed for a second-hand automobile as a part of the purchase price for a new automobile. Such averments are challenged by the defendant as the pleading of evidence, the statement of a legal conclusion, and a wrongful interpretation of the regulations.

For a clear understanding of the issues raised by defendant's several motions, a preliminary statement of the law and the facts should be made.

The Stabilization or Emergency Price Control Act provided first, for the freezing of prices as at a prescribed date. Provision was then made for the appointment of an administrator to administer the Act and make it effective. Congress contemplated the multifold phases or facets of varying commodity prices and clothed the administrator with power "from time to time" to "issue such regulations and orders as he may deem necessary or proper in order to carry out the purposes and provisions of this Act." Title 50 U.S.C.A. Appendix, § 921(d).

In order that improvident and invalid orders and regulations might be scrutinized and nullified, an Emergency Court of Appeals was created so that the impropriety or the constitutional validity of any order might be reviewed by that court. The trial judges were not burdened with responsibility with respect to orders and regulations save only to give them reasonable and proper interpretations. The administrator contemplated the sale of new automobiles and under the Stabilization Act was empowered to fix maximum prices for such new automobiles. Moreover, he properly contemplated that used or second-hand automobiles would be proffered by would-be purchasers of new automobiles as a part of

the purchase price. Quite properly, the administrator undertook to fix the maximum price on second-hand cars, and specifically provided that trade-in values of used cars must be at the maximum price so that the seller of a new car would not have an advantage in such exchange and receive more for the new automobile than the maximum price fixed by the Administrator. Such regulations were promulgated. They have the force of law, and it does not appear that their validity has been challenged through the Emergency Court of Appeals.

In this case the plaintiff specifically alleges that the defendant on several occasions has violated the regulations of the Administrator by allowing less for a trade-in car than the maximum fixed by the Administrator, thus and thereby giving the seller of the new car an advantage, and clearly evading the price regulations of new cars.

The averment challenged is as follows: "* * * and by failure of defendant to allow the seller thereof a reasonable value for the same, in such transaction, said under-allowance sum of $372.90 was in effect an increment to the sales price of the new automobile in the sum of $372.90 which under the provisions of said regulations, constitutes an overcharge in such sum."

This averment was repeated in all counts of the complaint with such variation in amounts as were justified by the undervalue of the particular trade-in automobile. These averments do not plead evidence, nor are they a conclusion of the pleader nor are they a wrong interpretation. The averments amount to no more than a computation of the gain accruing to the defendant by reason of his allowing a price below that of the maximum price for the used automobile, which is specifically forbidden by the Administrator's regulation. It is a reasonable and a fair conclusion that, if the defendant offered a new automobile at a maximum price and then decreased the value of the trade-in automobile below its reasonable or maximum price, it would inevitably serve as an increase of the sales price of the new automobile. Such a procedure would render the regulations futile and inoperative. It would be a manifest evasion. It was the object of the regulation to prevent such acts, and, if committed, there sprang into existence a statutory right, under given conditions, for the Administrator to bring suit as he has done in this case.

The complaint states a cause of action, for which, if the averments be true, the plaintiff would be entitled to recover. Moreover, the defendant is not harmed by the averments mentioned. Such averments are clarifying and make understandable the basis, as well as the reason for the suit. It follows that each of said motions should be overruled, and it will be so ordered.